NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRANDON ISAIAS CUELLAR
CABRERA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 19-73173

Agency No.
A209-398-594

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2026**
Pasadena, California

Before: FORREST, DESAI, and DE ALBA, Circuit Judges.

Brandon Isaias Cuellar Cabrera, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' (BIA) decision affirming the

Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture (CAT). We deny the petition.

1. ***Forfeiture.*** Failure to "make any argument" or "meaningfully challenge" a determination in an opening brief constitutes forfeiture. *See Santana-Gonzalez v. Bondi*, 172 F.4th 736, 741–42 (9th Cir. 2026). Here, Cuellar Cabrera's Opening Brief did not make any argument challenging the BIA's determinations that his proposed particular social group (PSG) of "Salvadoran youths who are resistant to gang recruitment and membership" is not legally cognizable; that he is ineligible for withholding of removal; or that he is ineligible for CAT protection.[1] Therefore, Cuellar Cabrera has forfeited his ability to seek relief on these bases.

2. ***Asylum.*** Cuellar Cabrera seeks asylum based on a second PSG: "immediate family members of Salvadoran youth who are resistant to gang recruitment." A petitioner seeking asylum based on his membership in a PSG "must show a nexus between h[is] past harms or feared future harm and h[is] statutorily protected characteristics." *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). That is, he must demonstrate that his membership in the PSG is "'one central reason' for either h[is] past harms or h[is] feared future harms." *Id.*

---

[1] We note the poorly handled representation and poor quality of briefing in this case by Cuellar Cabrera's original appellate counsel, Tori S. Bryant. Bryant was disbarred for "repeated failures to comply with the court's rules and orders, and for conduct unbecoming [of] member[s] of the court's bar." *Cabrera de Cuellar v. Bondi*, No. 19-73018, 2025 WL 2924544, at *2 n.2 (9th Cir. Oct. 15, 2025) (quoting *Matter of Tori S. Bryant*, No. SB-22-0062-SP (Ariz. Apr. 6, 2023)); *see In re Tori Bryant*, No. 19-80173, Dkt. 10 (9th Cir. Mar. 19, 2025).

(quoting 8 U.S.C. § 1158(b)(1)(B)(i)). Where, as here, the BIA agrees with the IJ and adds its own reasoning, "we review both the BIA's decision and the portions of the IJ's decision adopted by the BIA." *Diaz v. Bondi*, 129 F.4th 546, 552 (9th Cir. 2025). We review the agency's factual findings, including a persecutor's motive, for substantial evidence. *Rodriguez-Zuniga*, 69 F.4th at 1018; *see also Urias-Orellana v. Bondi*, 607 U.S. 537, 539 (2026). Under that standard, the agency's findings are "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Edgar G.C. v. Garland*, 136 F.4th 832, 842 (9th Cir. 2025) (internal quotation marks and citation omitted).

Cuellar Cabrera asserts that he was threatened by Barrio 18 gang members exclusively because of his relationship with his two brothers, who had both rebuffed the gang's recruitment efforts. But the BIA concluded that Cuellar Cabrera was threatened because the gang was trying to recruit him, not because of his connection to his brothers. The record does not compel a contrary conclusion. Cuellar Cabrera's family testified that Barrio 18 gang members controlled the area and recruited and threatened "everybody." *See Santana-Gonzalez*, 172 F.4th at 743 (reasoning that petitioner could not establish the requisite nexus between threats and any protected ground where he "conceded that [members of a vigilante group] were probably pressuring 'everyone' to join"). Substantial evidence supports that the Barrio 18 gang members' identifying Cuellar Cabrera, Johalmo, and Alfredo as brothers was

"simply an instrumentality for the [gang members] to accomplish [their] goals" of controlling the area, monitoring potential recruits, and threatening local young men to join the gang once they came of age. *Rodriguez-Zuniga*, 69 F.4th at 1019 n.2. As such, Cuellar Cabrera cannot demonstrate the necessary nexus between his past or feared future harms and his proposed PSG, rendering him ineligible for asylum.[2] *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

**PETITION DENIED.**

---

[2]Cuellar Cabrera's temporary stay of removal will dissolve when the mandate issues. (Dkt. 13.)